## J. FRANCIS KING v. JOSIAH E. WINANTS.

When a party in a proceeding introduces new matter not contained in his complaint, and supports it by his own or other affidavits, the opposite party is entitled of right to be heard in reply to such new matter by his affidavit, or the affidavits of others; and the right thus to reply to new matter introduced on ¦either side is only restricted by that ˙rule in pleading which forbids a departure.

, (*Clark* v. *Clark*, 64 N. C. Rep. 150, and *Howerton* v. *Sprague*, Ibid, 451, cited, distinguished from this, and approved.)

CIVIL ACTION brought to the Fall Term, 1872, of the Superior Court of NEW HANOVER county, before *Russell, J.,* for the dissolution of a copartnership, and for an account; .and in the meantime the plaintiff moved for an injunction .and the appointment of a receiver.

His Honor granted the injunction at the time of the plaintiff's filing his complaint, to wit : 2nd November, 1872 which was continued to Fall Term, 1872. Upon the motion ·of the plaintiff for the appointment of a receiver, heard before his Honor at chambers, 4th January, 1873, the plain-·tiff read his complaint, and the defendant his answer, verified by affidavit, and also a number of other affidavits in ˙support of his answer.

The plaintiff in reply, read affidavits in support of his · complaint, and then offered to read his own affidavit, which ˙was objected to by the defendant, but allowed by the · Court.

The defendant then moved to be allowed to read his own ·affidavit, or the affidavits of others, in reply to so much of the plaintiff's affidavit as alleged new matter in support of the complaint, and which was not set forth in the complaint. The motion was refused, and the defendant excepted. His Honor refused to vacàte the injunction, and granted the motion of the plaintiff, and appointed a receiver. ˙From which order the defendant appealed.

*Strange,* for appellant.
*London,* contra.

PEARSON, C. J. 1. " The plaintiff, in reply, read several
affidavits in support of his complaint, and then offered to
read his affidavit. Objected to, but allowed. This ruling is
sustained by *Clark* v. *Clark,* 63 N. C. Rep. 150; *Howerton* v.
*Sprague,* Ibid., 451.

2. " The defendant then moved to be allowed to read
his own affidavit, or the affidavits of others, in reply to so
much of the plaintiff's affidavit as alleged *new matter,* in
support of the complaint, and *which was not set forth* in the
complaint."

This motion was overruled by his Honor.

The two cases above cited do not touch the point made by
this exception ; and we differ with his Honor upon " the
reason of the thing." When a war of affidavits is carried so
far as to become trifling and vexatious, the presiding Judge
has a discretion to put a stop to it; but when one of the parties
introduces *new matter* the other party is entitled, in fairness,
and of course as a legal right, to be heard in regard to it;
and it can make no difference how far the proceeding may
be carried, so long as new matter is offered on the one
side, the other must in his turn be heard ; but in practice,
new matter can hardly ever be offered to the second or
third stage. The rules of pleading in courts of law furnish
an analogy for protracting special pleadings, as long as new
matter can be brought forward *without a departure :* if the
plea is by way of traverse, that ends the pleading, but if it
brings forward matter in avoidance, the plaintiff may reply,
and if new matter be averred, the process goes on to the re-
joinder, sur-rejoinder, rebutter and sur-rebutter, and as
much further as it can be drawn out by new matter, re-
stricted by the rule which forbids a departure. Probably
his Honor, in our case, might have resorted with propriety

to the principle which forbids a departure; for the introduction of new matter which can not at the hearing be of any avail without an amendment of the complaint, certainly tended to obscurity and confusion.

There is error.

This opinion will be certified.

PER CURIAM. Judgment accordingly.